IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANNA MARIE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV963 |
| | ) | |
| CITY OF BURLINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion of Wal-Mart Stores, Inc., and its employees, Adriana Marie Sposato and Mike Neil (collectively, "Wal-Mart Defendants"), to dismiss the claims against them by Plaintiff Anna Marie Martin. (Doc. 13.) Martin's claims stem from a case of mistaken identity following a shoplifting incident at a Wal-Mart store in Burlington, North Carolina. For the reasons set forth below, the court will grant the motion with respect to Martin's federal claim under 42 U.S.C. § 1983 and remand the action to Alamance County Superior Court for resolution of her remaining State law claims.

I.  BACKGROUND

Martin's complaint, taken in the light most favorable to her as the non-moving party, alleges the following:

On or about May 1, 2015, Wal-Mart initiated an incident investigation report with the Burlington Police Department ("BPD")

regarding an alleged misdemeanor larceny and hit-and-run at its store in Burlington, North Carolina. (Doc. 5 at 6.) Sposato, Wal-Mart's loss prevention officer, reported that the alleged perpetrator departed in a black 1996 Chevrolet pick-up truck bearing license plate number XWY-3938. (Id. at 3, 6.) Sposato also reported that this truck struck another car upon exiting the parking lot. (Id. at 6.)

BPD Officer Karla A. Topete responded to the Wal-Mart report, reviewed the surveillance video, and printed several pictures provided by Wal-Mart to disseminate within the BPD. (Id. at 6-7.) The next day, May 2, BPD Officer Blake Johnson advised Topete that he recognized the suspect as Martin, whose vehicle he had stopped the week prior for an issue relating to its license plate. (Doc. 5 at 6-7.)

On May 3, a BPD officer showed Martin's photograph to Sposato at Wal-Mart. (Id. at 7.) Sposato said she was "eighty percent sure" that the photograph identified the woman she encountered on May 1. (Id.) Topete and BPD Officer A. D. Jones then went to the apartment of Martin's son, but Martin was not present. (Id.) A neighbor told officers that Martin did not drive a black pick-up truck. (Id.) Upon learning that the police were looking for her, Martin called the BPD to ask if she could come to the station to speak with them. (Id.) Martin was told to stay where she was and that Topete and Jones would be returning. (Id.)

2

When Topete and Jones returned, Martin opened the front door. (Id. at 8.) Martin denied the officers' request to enter her home, and she stepped outside to speak with them. (Id.) But before she could do so, the officers pushed their way into the apartment, threw Martin on the couch, and arrested her. (Id.) Topete and/or Jones searched other parts of the apartment while Martin, who denied any wrongdoing, was being placed in handcuffs. (Id.) Martin alleges that the officers did not have a search warrant and did not produce an arrest warrant at the time. (Id.) Topete and Jones took Martin into custody and transported her to the BPD headquarters; from there she was transported to Graham, North Carolina, where she was brought before a magistrate and subsequently released on bond. (Id.)

By letters dated May 14 and June 8, 2015, Wal-Mart's counsel demanded that Martin pay civil restitution and damages to Wal-Mart. (Id. at 8-9.)

On June 19, 2015, the criminal charges against Martin were dismissed by Assistant District Attorney Brooks Stone, who explained that the Wal-Mart employee claimed a mistaken identity. (Id. at 9.) Stone also noted on Martin's arrest warrant that she had been "mistakenly charged." (Doc. 5-4 at 1.)

Martin brought the present action in Alamance County Superior Court on April 21, 2016, advancing thirteen federal and State law

3

claims.[1]  (Doc. 1-1 at 13-23.)  In addition to naming the Wal-Mart Defendants, the complaint named the BPD, BPD Police Chief Jeffrey Smythe, Topete, Jones, Johnson, the City of Burlington, Harold Owen (Burlington City Manager at the time), Hardin Watkins (current Burlington City Manager), and "Does 1-10" (collectively, "Burlington Defendants").  (Id. at 4.)

All Defendants removed the action to this court on the basis of federal question jurisdiction over the § 1983 claim and supplemental jurisdiction over the State law claims.  (Doc. 1 at 4.)  All Defendants moved to dismiss the complaint, but the Burlington Defendants accepted Martin's offer of judgment (Doc. 26), resolving her claims against them (Doc. 27).  What remains for decision, therefore, is the Wal-Mart Defendants' motion to dismiss.  (Doc. 13.)

**II. ANALYSIS**

    **A.    Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim

---

[1] Martin's complaint sets forth the following claims: (1) § 1983 claim alleging violations of Martin's rights under the Fourth and Fourteenth Amendments; (2) malicious prosecution with respect to Martin's charges for larceny; (3) malicious prosecution with respect to Martin's charges for hit and run; (4) false arrest; (5) false imprisonment; (6) intentional and/or reckless infliction of emotional distress; (7) assault and battery; (8) defamation against Wal-Mart Stores Inc. and Sposato; (9) a "claim" alleging respondent superior against Wal-Mart; (10) unfair and deceptive trade practices; (11) abuse of process; (12) a "claim" for punitive damages; and (13) defamation against Johnson.

showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 557). A 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). The court need not accept allegations that are mere legal conclusions couched as factual allegations, however. Iqbal, 556 U.S. at 678-79. Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, so as to "nudge[] [the] claims across the line from conceivable to plausible," id. at 570.

**B.   Martin's Federal Claim**

Wal-Mart Defendants move to dismiss Martin's § 1983 claim on the ground that they were not acting under color of State law when the alleged events occurred. (Doc. 14 at 5-7.) Martin concedes that the Wal-Mart Defendants are not public officials. (Doc. 23

5

at 5.)  But she argues that these Defendants "possess[ed] and exercise[d] inappropriate influence over law enforcement, including the ability to initiate and conclude criminal proceedings at [their] sayso . . . ." (Id.)

To make out a § 1983 claim, a plaintiff must allege that the defendant has deprived her of a right secured by the "Constitution and laws" of the United States and did so "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970).  It is true that private citizens can act under the color of State law when they conspire with public officials or are jointly engaged with State officials in a prohibited action. Id. at 152.  But Martin fails to allege sufficient facts to make such a conspiracy or joint action plausible.

Indeed, to make out such a claim, Martin would need to allege facts indicating that Sposato and Wal-Mart personnel "somehow reached an understanding" to violate her constitutional rights. Id.  The complaint is silent in this regard.  In fact, the § 1983 count (first claim for relief) complains of the Burlington Defendants, but it does not so much as mention any of the Wal-Mart Defendants. (Doc. 5 at 10-12.)  Rather, what is alleged elsewhere is that Wal-Mart employees reported a crime to the BPD and cooperated with law enforcement in attempting to identify the perpetrator.  Even when viewing Martin's allegations in a light

6

most favorable to her, the Wal-Mart employees were acting as private citizens. Martin has therefore failed to plausibly allege that she was the victim of a conspiracy or joint endeavor of Wal-Mart employees and the BPD to violate her rights. White v. Scrivner Corp., 594 F.2d 140, 144 (5th Cir. 1979) ("A finding of state action cannot, however, be based solely upon the plaintiff's beliefs concerning the [defendant's] activity, no matter how well-founded those beliefs were.").

Martin relies on Moore v. City of Creedmoor, 345 N.C. 356, 481 S.E.2d 14 (1997), but the facts are distinguishable. In Moore, a private citizen, defendant High – who was found to have conspired with public officials, id. at 369-70, 481 S.E. 2d at 23 – was the former police chief and a member of the board of commissioners of the defendant city. The court found that High had used his position as a town commissioner to collaborate with other defendants, to an extent that he conspired with those acting under color of law, making him liable under § 1983. Id. Here, by contrast, a Wal-Mart employee reported a crime by an unknown perpetrator, answered questions of the investigating officers, and attempted to identify the perpetrator from a photo offered by police. There is no factual basis to make plausible a claim that any of the Wal-Mart Defendants in any way conspired with the Burlington Defendants.

The court will therefore dismiss Martin's § 1983 claim against

7

the Wal-Mart Defendants, as she has failed to present a plausible claim of relief. Iqbal, 556 U.S. at 664.

**C.   Martin's State Law Claims**

Martin's remaining claims against the Wal-Mart Defendants all allege violations of North Carolina law. Because Martin has resolved all her claims against the Burlington Defendants by offer of judgment, the court must determine whether to maintain the action in this forum. (Doc. 27.) Under 28 U.S.C. § 1367(c), a federal district court "may decline to exercise supplemental jurisdiction" over such State-law claims if "the district court has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has noted in a similar circumstance that "[w]ith all its federal questions gone, there may be the authority to keep [the case] in federal court[,] . . . but there is no good reason to do so." Waybright v. Frederick Cty., Md., 528 F.3d 199, 209 (4th Cir. 2008). Having decided to dismiss Martin's federal claim, the court will decline to exercise supplemental jurisdiction over Martin's State-law claims against the Wal-Mart Defendants, which will be remanded to State court. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (recognizing that "the remand power [is] inherent in the statutory authorization to decline supplemental jurisdiction under § 1367(c)").

**III. CONCLUSION**

For the reasons set forth above,

IT IS THEREFORE ORDERED that Wal-Mart Defendants' motion to dismiss (Doc. 13) is GRANTED IN PART as to Martin's federal claim, which is DISMISSED WITH PREJUDICE.  Wal-Mart Defendants' motion to dismiss Martin's remaining claims under North Carolina law is DENIED WITHOUT PREJUDICE, and the action is REMANDED to the General Court of Justice, Superior Court Division, of Alamance County, North Carolina, for further proceedings.

/s/   Thomas D. Schroeder
United States District Judge

February 28, 2017